UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
--------------------------------------------------------------------------X
AGCS MARINE INSURANCE COMPANY as subrogee of
PRATT & WHITNEY, a division of RTX CORPORATION,
formerly known as RAYTHEON TECHNOLOGIES          Docket No.:
CORPORATION,

                              Plaintiff,                    **COMPLAINT**

        -against-
                                                        **JURY DEMANDED**

LANDSTAR RANGER, INC., a member of the
LANDSTAR CARRIER GROUP, NSO EXPRESS LLC and
R&O EXPRESS, INC.,

                              Defendants.

--------------------------------------------------------------------------X

        Plaintiff, AGCS Marine Insurance Company as subrogee of Pratt & Whitney, a division

of RTX Corporation formerly known as Raytheon Technologies Corporation, by its attorneys,

Cozen O'Connor, as and for its complaint herein, alleges the following upon information and

belief:

<u>**THE PARTIES**</u>

        1.      The Plaintiff, AGCS Marine Insurance Company (hereinafter "AGCS") as

subrogee of Pratt & Whitney, a division of RTX Corporation formerly known as Raytheon

Technologies Corporation, is a corporation duly organized and existing under the laws of the

State of Illinois, with its principal place of business located at 33 West Monroe Street, Chicago,

Illinois and, at all times relevant hereto, was authorized to conduct business as an insurance

company in the State of Connecticut, including the issuing of policies of  marine insurance.

        2.      At the time of the occurrence, Plaintiff's Insured was Raytheon Technologies

Corporation, now known as RTX Corporation ("RTX").  RTX is an American multinational

aerospace and defense conglomerate and its principal office is located at 1000 Wilson Boulevard, Arlington, Virginia 22209.

3.      At the time of the occurrence, RTX had a subsidiary, Pratt & Whitney, an American aerospace manufacturer, with its corporate headquarters located at 400 Main Street, East Hartford, Connecticut 06118.   At all times relevant hereto, Pratt & Whitney was an additional insured under the RTX insurance policy with AGCS.  Additionally, at all times relevant hereto, Pratt & Whitney was and is engaged in, *inter alia*, the business of manufacture, sale and servicing of aircraft engines for use in civil aviation, especially commercial airlines.

4.      At all times material hereto, the Defendant Landstar Ranger, Inc. ("Landstar") is a Delaware corporation with its principal place of business at 13410 Sutton Park Drive South, Jacksonville, Florida, 32224 and was and is engaged in, *inter alia*, business as a common carrier, trucker and bailee of goods for hire.

5.      At all times material hereto, the Defendant NSO Express LLC (hereinafter, "NSO") is a Pennsylvania limited liability corporation, and has a place of business at 1609 Court Street, Scranton, Pennsylvania 18504, and was and is engaged in, *inter alia*, business as a common carrier, trucker and bailee of goods for hire. Upon information and belief, the citizenship of the natural person who is the sole member of the limited liability corporation is a citizen and resident of the State of Pennsylvania.

6.      At all times material hereto, the Defendant R&O Express Inc. (hereinafter, "R&O") is a Pennsylvania corporation, and has a place of business at 201 South Blakely Street, Apt 155, Dunmore, Pennsylvania 18512, and was and is engaged in, *inter alia*, business as a common carrier, trucker and bailee of goods for hire.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction pursuant to 28 U.S.C. §1337, as this action involves liability of a motor carrier for loss of goods transported in interstate commerce under 49 U.S.C. §14706, and the amount in controversy exceeds $10,000, exclusive of interest and the costs of the action.

8.      The jurisdiction of this court is also invoked pursuant to 28 U.S.C. §1332, as this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and the costs of the action.

9.      Venue is proper pursuant to 49 U.S.C. §14706 as this is the judicial district in which the Defendant carrier operates.

10.     Venue is also proper pursuant to 28 U.S.C. §1391 in that a substantial part of the events or omissions giving rise to the claims herein occurred in this district and the Defendants are subject to personal jurisdiction within this district.

## FACTS COMMON TO ALL COUNTS

11.     Prior to July 18, 2022, Landstar signed a Shipper Specific Agreement (SSA) and agreed to act as a regular motor carrier for the carriage of property and goods manufactured and/or owned by Pratt & Whitney.

12.     Per the terms of the SSA, Landstar's liability for loss and damage shall be "for the original invoice value of the Commodities lost and/or damaged in the quantity shipped, whether or not the loss or damage occurs en-route to a consignee."

13.     On or about July 18, 2022, per the terms of Bill of Lading 545601439, Pratt & Whitney engaged Landstar to transport a certain Jet Engine, Model Neo, Serial Number 800060 (the "Jet Engine") from Pratt & Whitney's facility at 1 Aircraft Road in Middletown, Connecticut 06457 for delivery to 111 Airport Drive, Foley, Alabama, 36535.

14.     The Defendant Landstar agreed to deliver the Jet Engine to the intended place of delivery.

15.     Shortly thereafter, Landstar subcontracted with NSO and/or R&O to act as the actual motor carrier and transport and deliver the Jet Engine to the agreed place of delivery.

16.     The Defendants received the Jet Engine in good order and condition.  The Defendants received the Jet Engine, free of exceptions or other notations for damage or shortage.

17.     Thereafter, the Defendants and their subcontractors, employees and/or agents negligently, carelessly, recklessly transported the Jet Engine.

18.     Per Alabama Crash Report # 2676838, while driving south on Interstate 59 the motor carrier driver swerved on the road and "ran off the road down an embankment striking multiple trees and loosing [sic] its load approximately as shown."

19.



20.     Thereafter, the Defendants and/or their subcontractors, employees and/or agents negligently, carelessly, recklessly and/or intentionally failed to deliver the Jet Engine to the agreed place of delivery in good order and condition.

21.     The Defendants later reported that Jet Engine was damaged in-transit.



22.     AGCS was the insurer of the aforesaid Jet Engine and brings this action on its own behalf and as Plaintiff is entitled to maintain in this action.

23.     As a result of the damage to the Jet Engine, Pratt & Whitney filed a claim with AGCS under its policy of insurance, and AGCS paid Pratt & Whitney an amount in excess of Six Million Seven Hundred Fifty-Five Thousand Nine Hundred Thirty-Two Dollars and 71/100 Cents ($6,755,932.71), inclusive of the insured's deductible.

24.     Pursuant to the terms of the insurance contracts, and otherwise by operation of law, AGCS is contractually, legally and equitably subrogated, to the extent of its payments, to Pratt & Whitney's rights against the Defendants to recover for the amounts paid as a result of the loss.

## FIRST CAUSE OF ACTION

### Breach of Contract

25.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "24" above, as if more fully set forth herein.

26.     The Defendants received the Jet Engine in good order and condition and contracted and otherwise agreed to perform the transportation of the Jet Engine and deliver same in accordance with the aforementioned agreement in the same good order and condition received.

27.     The Jet Engine was returned damaged, due to the Defendants' failure to comply with the terms and agreements made with Pratt&Whitney for the protection, transportation and care of the Jet Engine, entrusted to Defendants' possession, or the possession of its agents, employees, and/or servants.

28.     The Defendants' actions and/or omissions breached their respective contracts.

29.     As a result of the Defendants' respective breaches of contract, the Plaintiff sustained damages in an amount in excess of Six Million Seven Hundred Fifty-Five Thousand Nine Hundred Thirty-Two Dollars and 71/100 Cents ($6,755,932.71).

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount in excess of Six Million Seven Hundred Fifty-Five Thousand Nine Hundred Thirty-Two Dollars and 71/100 Cents ($6,755,932.71), together with pre-judgment and post judgment interest, attorney's fees, the costs of this suit, and such other relief as this Court may order and deem just and equitable.

## SECOND CAUSE OF ACTION
### Breach of Bailment Obligations

30.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "29" above, as if more fully set forth herein.

31.     The Defendants were acting as bailees of Pratt & Whitney's Jet Engine or otherwise had a duty to care for the aforementioned Jet Engine at the time it was damaged.  The Defendants thereby warranted and had a legal duty to safely keep, care for, and deliver the Jet Engine in the same condition as when entrusted to it, and to perform their services with reasonable care and in a non-negligent and workman-like manner.

32.     The Defendants breached those obligations and negligently failed to store, handle secure, transport and deliver the Jet Engine.

33.     By reason of the foregoing, the Plaintiff sustained damages in an amount in excess of Six Million Seven Hundred Fifty-Five Thousand Nine Hundred Thirty-Two Dollars and 71/100 Cents ($6,755,932.71).

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount in excess of Six Million Seven Hundred Fifty-Five Thousand Nine Hundred Thirty-Two Dollars and 71/100 Cents ($6,755,932.71), together with pre-judgment and post judgment interest, attorney's fees, the costs of this suit, and such other relief as this Court may order and deem just and equitable.

<u>**THIRD CAUSE OF ACTION**</u>

<u>**Common Law Negligence, Carelessness or Recklessness**</u>

34.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "33" above, as if more fully set forth herein.

35.     The Defendants were acting as bailee or carrier or otherwise had a duty to care for the Jet Engine at the time it was damaged.

36.     The Defendants acted negligently, recklessly, carelessly and/or engaged in intentional misconduct in that the Defendants, their agents and/or employees knowingly, negligently and/or recklessly failed to ensure that the Jet Engine would be adequately handled, secured, transported and delivered to prevent any loss or damage thereto.

37.     By reason of the foregoing negligence, carelessness and/or recklessness, the Plaintiff sustained damages in an amount in excess of Six Million Seven Hundred Fifty-Five Thousand Nine Hundred Thirty-Two Dollars and 71/100 Cents ($6,755,932.71).

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount in excess of o Six Million Seven Hundred Fifty-Five Thousand Nine Hundred Thirty-Two Dollars and 71/100 Cents ($6,755,932.71), together with pre-judgment and post judgment interest, attorney's fees, the costs of this suit, and such other relief as this Court may order and deem just and equitable.

**WHEREFORE**, the Plaintiff requests:

> (a) That process in due form of law may issue against the Defendants citing it to appear and answer all matters aforesaid;

> (b) That judgment be entered in favor of Plaintiff and against Defendants for the amount of damages stated in this complaint, together with interest and costs and disbursements of this action; and

> (c) Such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
October 15, 2024

Respectfully submitted,

COZEN O'CONNOR
*Attorneys for Plaintiff*

By:_____
Jonathan M. Ciriello, Esq.
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
(215) 665-2732
jciriello@cozen.com

COZEN O'CONNOR
*(Pro Hac To Be Submitted)*

By: _____

Robert W. Phelan, Esq.
3 WTC, 175 Greenwich Street
55th Floor
New York, New York 10007
(212) 908-1274
rphelan@cozen.com